IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KAREN NICKELSON,<br>Plaintiff<br><br>v.<br><br>ACF INDUSTRIES, LLC,<br>Defendant | CIVIL ACTION<br><br>NO:<br><br>JURY TRIAL DEMANDED |
|---|---|

# *COMPLAINT*

## JURISDICTION

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to Title 7 of the Civil Rights Act, 42 U.S.C. § 2000(e), et seq., which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

2. This court has jurisdiction over Plaintiff's state claims pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

3. On August 11, 2017, Plaintiff received a "Right to Sue" letter from the United States E.E.O.C. Therefore, Plaintiff has exhausted all administrative remedies and has taken all other steps necessary to bring this action before this court.

## VENUE

4. Paragraphs 1-3 above are incorporated herein by reference as though set forth in full.

5. The actions complained of herein occurred within the jurisdiction of this court and involve a defendant doing business within its jurisdictional limits.

6. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and 1391(c), because the Defendant can be found in the Middle District of Pennsylvania of Pennsylvania and events or omissions giving rise to Plaintiff's claim have occurred in the Middle District.

## PARTIES

7. Paragraphs 1-6 above are incorporated herein by reference as though set forth in full.

8. Plaintiff Karen Nickelson is an adult female residing in Northumberland County, Pennsylvania. Plaintiff was subjected to retaliation for complaining of sexual harassment at her workplace, and her employment with Defendant, was terminated on May 22, 2017.

9. Defendant ACF Industries, LLC is a Missouri corporation doing business in Pennsylvania with a place of business at 417 North Arch Street, Milton, Northumberland County, Pennsylvania, 17847. It employs over 50 employees and is an employer pursuant to Title 7 of the Civil Rights Act and the Pennsylvania Human Relations Act.

## FACTUAL ALLEGATIONS

10. Paragraphs 1-9 above are incorporated herein by reference as though set forth in full.

11. Plaintiff began working at ACF Industries, LLC, at its 417 N Arch St, Milton, PA 17847, location on or about March 30, 2015.

12. Plaintiff began working in the Paint Shop of ACF Industries, LLC, in mid-May of 2016.

13. Russ Kerstetter was the supervisor of the Paint Shop employees.

14. Rick Einsig was also employed in the Paint Shop of ACF Industries, LLC.

15. Mr. Einsig made lewd comments to Plaintiff in which he would ask for nude photographs and talk about Vaseline repeatedly.

16. Plaintiff and Mr. Einsig had a confrontation in the breakroom where Mr. Einsig called the Plaintiff a "little bitch" and "bitch".

17. Plaintiff filed a sexual harassment claim with Defendant on November 14, 2016.

18. Defendant conducted an investigation in which Defendant interviewed all who were present for the confrontation in the breakroom.

19. The Defendant concluded the complaint was unfounded because Mr. Einsig was asked to stop and he, allegedly, did.

20. Mark Pauling was the plant manager at all times pertinent to this complaint.

21. Employees with seniority were given preference when work would slow up in their respective department and were given the option to take a position elsewhere occupied by individuals with less seniority.

22. Mr. Pauling requested John Stitzle to take Plaintiff's position in the Paint Shop.

23. Mr. Pauling indicated there was a "problem child" in the Paint Shop.

24. Mr. Pauling indicated it would make Mr. Kerstetter "very happy" if Mr. Stitzle were to take a position in the Paint Shop.

25. Mr. Stitzle accepted a position in the Paint Shop on December 12, 2016.

26. The Plaintiff was laid off from her position on December 19, 2016, because she was "bumped" from her position by the transfer of Mr. Stitzle to the Paint Shop.

27. Plaintiff was notified the investigation was considered closed on December 20, 2016.

28. Compensation was based on two different tiers: Tier I and Tier II.

29. Plaintiff was kept at Learner Tier I pay from March of 2015 through December 20, 2016, despite having the experience and knowledge required for full rate compensation. In fact, two male employees were paid full rate compensation having the same knowledge and experience as Plaintiff.

30. Plaintiff was called back to work on March 20, 2017, still at Learner pay, and worked until being laid off again on May 22, 2017. The reason for the layoff was a claim Plaintiff was unable to perform the position.

31. Plaintiff was then called in to interview for another position with Mr. Pauling on May 23, 2017.

32. During the May 23, 2017, interview, Mr. Pauling stated to Plaintiff that Plaintiff seemed "bitter towards ACF" and, with regards to the sexual harassment claim against Mr. Einsig, Mr. Pauling would have had Plaintiff and Mr. Einsig "shake hands and be done with it".

33. Mr. Pauling also stated that his "ass was chewed out and [he] was written up" over the incident and that had claimant "gone outside ACF with her complaint [he] would have been fired."

34. Plaintiff believes that the Defendant's failure to retain Plaintiff in her position with the Paint Shop was in retaliation for her complaint of sexual harassment, and was thus in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951-963 and Title VII of the Federal Civil Rights Act, 42 U.S.C. §2000e.

35. Plaintiff further believes Defendant failed to promote Plaintiff to full rate compensation because of the fact Plaintiff is a female and complained of sexual harassment, such that the failure to promote her was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951-963 and Title VII of the Federal Civil Rights Act 42 U.S.C. §2000e.

## COUNT I
### *Sex Discrimination-Termination-In Violation of 42 U.S.C. §2000e*

36. Paragraphs 1-35 are realleged and incorporated herein by reference as though set forth in full.

37. Plaintiff is a member of a protected class (female).

38. Defendant had no legitimate non-discriminatory reason for terminating Plaintiff's employment.

39. Similarly situated male employees were treated differently and more favorably than Plaintiff.

## COUNT II
### *Sex Discrimination – Hostile Work Environment-*
### *In Violation of 42 U.S.C. §2000e*

40. Paragraphs 1-39 are realleged and incorporated herein by reference as though set forth in full.

41. The sexual harassment the Plaintiff was subjected to while employed at Defendant created a hostile work environment.

## COUNT III
### *Sex Discrimination – Retaliation-*
### *In Violation of 42 U.S.C. §2000e*

42. Paragraphs 1-41 are realleged and incorporated herein by reference as though set forth in full.

43. The Defendant's termination of the Plaintiff's employment, and the Defendant's failure to recall her for her position in the paint shop or some other position, was in retaliation for her complaint about being sexually harassed at the workplace.

## COUNT IV
### *Failure to Recall to Employment - Violation of 42 U.S.C. §2000e*

44. Paragraphs 1-43 are realleged and incorporated herein by reference as though set forth in full.

45. Defendant had no legitimate non-discriminatory reason for failing to recall to employment Plaintiff.

## COUNT V
### *Unequal Pay Based on Gender – Violation of 29 U.S.C. §206*

46. Paragraphs 1-45 are realleged and incorporated herein by reference as though set forth in full.

47. Defendants failure to pay Plaintiff at a rate in excess of "Learner" Pay Rate was in violation of the Equal Pay Act, 29 U.S.C. §206.

## COUNT VI
### *Pennsylvania Human Relations Act, 43 P.S. § 955*

48. Paragraphs 1-47 are realleged and incorporated herein by reference as though set forth in full.

49. The actions of the Defendant, alleged herein, were in violation of the Plaintiff's rights under Pennsylvania Human Relations Act, 43 P.S. § 955.

*WHEREFORE,* the Plaintiff requests this Court enter a judgment in her favor for compensatory and liquidated and/or punitive damages, including damages for past and future lost wages, damages for emotional distress, liquidated or punitive damages, attorney's fees, and such equitable relief, including hiring, as would be just and proper.

MURPHY, BUTTERFIELD & HOLLAND, P.C.

By:    s/Jonathan E. Butterfield
     Attorney for Plaintiff
     ID No. 23952

442 William Street
Williamsport, PA 17701
570-326-6505
570-326-0437 (fax)
jbutterfield@mbhlaw.com